FILED
U.S. DISTRICT COURT
2009 FEB 23 PM 4: 25
CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DIANE J. OBENDORFER,  )
                                )
           Plaintiff,  )
                                )
          v.  )      CIVIL ACTION NO.: CV508-009
                                )
MICHAEL J. ASTRUE,  )
Commissioner of Social Security,  )
                                )
          Defendant.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("ALJ" or "ALJ Gold"), denying her claim for Disability Insurance Benefits and Social Security Income ("SSI") benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff protectively filed for Disability Insurance and SSI benefits on May 17, 2005, alleging that she became disabled on January 31, 2002, (Tr. at 10) as the result of limitations from diabetes, severe headaches, back pain, and depression. (Tr. at 72, 80). Plaintiff filed a timely request for a hearing. On June 9, 2006, the ALJ held a hearing in Waycross, Georgia, at which Plaintiff appeared and testified. Dennis P. Conroy, a vocational expert, also testified at this hearing. (Tr. at 10). The ALJ determined that Plaintiff was not disabled. (Tr. at 18). The Appeals Council denied

Plaintiff's request for review of the ALJ's denial of benefits, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 3-5).

Plaintiff, born October 17, 1963, was forty-three (43) years old when the ALJ issued his decision. (Tr. at 613). She has a tenth grade education. (Tr. at 614). She has past relevant work experience as a kitchen helper, housekeeper, lobby porter, and sandwich maker. (Tr. at 654-655).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Yuckert, 482 U.S. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Id. If the impairment does not meet or equal one of the

listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Yuckert, 482 U.S. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the instant case, the ALJ followed the sequential process to determine that Plaintiff did not engage in substantial gainful employment after the alleged disability onset date of January 31, 2002. At Step Two, the ALJ determined that Plaintiff had the severe impairments of ventral hernia, obesity, depression, and diabetes. (Tr. at 12). However, the ALJ also determined, at Step Three, that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (Tr. at 14). The ALJ found that Plaintiff has the residual functional capacity to perform work at the light exertional level, with the restriction of never climbing ladders, ropes, or scaffolding. (Tr. at 15). At the Fourth Step, the ALJ found that Plaintiff is not disabled because she is capable of performing her past relevant work as a housekeeper. (Tr. at 17-18).

## ISSUES PRESENTED

The issues presented in this review are whether the ALJ erred:

I.      by failing to order a consultative medical examination;

II.     in propounding a question to the vocational expert not supported by substantial evidence; and

III.    by finding Plaintiff capable of performing her past relevant work.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.    The ALJ erred by failing to obtain expert medical testimony regarding Plaintiff's residual functional capacity.**

Plaintiff contends that the ALJ erred by failing to order a consultative medical examination regarding her residual functional capacity. (Doc. No. 16, pp. 4-8). Plaintiff

asserts that the record was devoid of any expert analysis of her functional capacity because the ALJ discounted Nurse Practitioner Iris White's assessment. (Id. at 6). Plaintiff further asserts that the ALJ, as a lay person, is not competent to interpret Plaintiff's raw medical data, especially considering that she has multiple severe impairments. (Id. at 6-7).

Defendant noted that while the actual medical assessments of the state agency medical reviewers were not incorporated into the file, the physicians did determine that Plaintiff was disabled. (Doc. No. 20, p. 4). Defendant contends that Nurse White's assessment was properly discounted by the ALJ. Defendant asserts that Plaintiff failed to prove that she was incapable of performing her past work. (Id. at 5). Defendant contends that a consultative examination was not necessary because the existing medical records did not make it appear likely that further examination would show that Plaintiff could not do light work. (Tr. at 6).

"With a few exceptions... an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." Manso-Pizarro v. Sec'y of Health and Human Services, 76 F. 3d 15, 17 (1st Cir. 1996). "[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." Id. However, an expert's residual functional capacity evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person. Santiago v. Sec'y of Health and Human Services, 944 F. 2d 1, 7 (1st Cir. 1991).[1]

---

[1] See also Hernandez v. Barnhart, 203 F. Supp. 2d 1341, 1355-56 (S.D. Fla. 2002) (holding that the ALJ may have improperly played the role of medical expert and erred by failing to obtain a medical source statement from an examining physician regarding plaintiff's residual functional capacity).

ALJ Gold found that Plaintiff has the severe impairments of ventral hernia, obesity, depression, and diabetes. (Tr. at 12). The Physical Residual Functional Capacity Questionnaire completed by Nurse Practitioner White is the only expert assessment of Plaintiff's residual functional capacity discussed in ALJ Gold's decision. ALJ Gold first noted that White was not an acceptable medical source under Social Security Regulation, and then discounted her medical opinion because it was not supported by the evidence of record. (Tr. at 13). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. at 14). ALJ Gold further found that Plaintiff's obesity and hernia restrict her residual functional capacity to light work with the restriction of never climbing ladders, ropes, or scaffolding. ALJ Gold opined that Plaintiff could sit, stand, walk, push and/or pull for at least six hours per eight hour workday; lift/carry 20 pounds occasionally; lift 10 pounds frequently; and balance and crawl for no more than two and one half hours per eight hour workday due to her ventral hernia and the lack of feeling in her feet. The ALJ remarked that Plaintiff should avoid concentrated exposure to hazardous work environments because her obesity and lack of feeling in her feet might endanger herself or others. The ALJ further remarked that Plaintiff's depression restricts her to work with a specific vocation preparation of 1-3. ALJ Gold noted that any interaction with the public and small groups should be limited to two and one half hours in an eight hour work day. (Tr. at 15). ALJ Gold found that Plaintiff was not disabled because she was capable of performing her past relevant work as a housekeeper. (Tr. at 17).

ALJ Gold erred by failing to order a consultative medical examiner to evaluate Plaintiff's residual functional capacity. The medical record shows the existence of serious medical conditions, as the ALJ acknowledged by finding that Plaintiff had the severe impairments of ventral hernia, obesity, depression, and diabetes. Assuming, arguendo, that ALJ Gold properly discounted Nurse White's assessment of Plaintiff's residual functional capacity, there is no reliable expert medical opinion in the record that evaluates Plaintiff's residual functional capacity.[2] Despite no expert opinion in the record, the ALJ evaluates Plaintiff's residual functional capacity and makes findings regarding her physical ability to perform work related functions, such as her ability to lift and carry. (Tr. at 15). ALJ Gold does not explain how he determined Plaintiff's specific functional capacity, and without expert opinion in the record it can only be concluded that he impermissibly interpreted the raw data in the medical record. See Manso-Pizarro, 76 F. 3d at 17. Given the serious mental and physical impairments present here, it is not a case where the extent of functional loss, and its effect on job performance, would be apparent to a lay person. See Santiago, 944 F. 2d at 7. As such, it was error for the ALJ to assess Plaintiff's residual functional capacity to perform her past relevant work.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

---

[2] Defendant contends that the reviewing state agency medical physicians determined that Plaintiff was disabled. (Doc. No. 20, p. 4). However, these determinations did not include the actual medical assessment rationale. (Tr. at 20-21). It should be noted that these opinions were never mentioned in the ALJ's decision. Also, the Regulations impose a duty on the ALJ to obtain missing information when a consultative examination is incomplete and a complete consultative examination should include a statement about what the claimant can still do despite her impairments. Hernandez, 203 F. Supp. 2d at 1356 (citing 20 C.F.R. § 416.919p(b) and 416.919(c)(6)).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the

Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this _2 3rd_ day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE